[Cite as *State v. Howard*, 2012-Ohio-2836.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO.  2-11-32

    v.

TYRONE E. HOWARD,                     **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2011-CR-121

**Judgment Affirmed**

Date of Decision:   June 25, 2012

APPEARANCES:

    *Gerald F. Siesel*  **for Appellant**

    *Edwin A. Pierce*  **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Tyrone E. Howard ("Howard") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him to a total term of 72 months in prison. For the reasons set forth below, the judgment is affirmed.

{¶2} On August 8, 2011, Howard was arrested for the sale of cocaine. The Auglaize County Grand Jury returned a four count indictment against Howard on August 11, 2011. The indictment charged Howard with 1) one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(E), a felony of the second degree; 2) one count of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(D), a felony of the third degree; 3) one count of fleeing and eluding in violation of R.C. 2921.331(B)(C)(4), a felony of the fourth degree; and 4) one count of fleeing and eluding in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a felony of the third degree.[1] Pursuant to a plea agreement, the State agreed to amend count one of the indictment to trafficking in cocaine in an amount between five and ten grams in violation of R.C. 2925.03(A)(1)(C)(4)(d), a felony of the third degree, and to dismiss count four of the indictment. In exchange, Howard agreed to enter guilty pleas to the amended count one, count two, and count three. The trial court held the change of plea hearing on November 4, 2011, and accepted

---

[1] The third and fourth counts were charged as alternative offenses.

Howard's pleas of guilty. The trial court then proceeded to sentence Howard to 18 months in prison on count one, 36 months in prison on count two, and 18 months in prison on count three with all sentences to be served consecutively for a total prison term of 72 months. Howard appeals from this judgment and raises the following assignment of error.

> **The trial court's sentencing of [Howard] to maximum sentences on counts two and three of the indictment, and consecutive sentences as to all three counts to which sentence was imposed for a total sentence of seventy-two (72) months was contrary to law and further constituted an abuse of discretion in failing to properly consider and apply the felony sentencing guidelines set forth in [R.C. 2929.11 and 2929.12].**

{¶3} The sole assignment of error challenges whether the trial court properly considered and applied the felony sentencing guidelines. Trial courts have discretion to impose a prison sentence within the statutory range for the offense from which the conviction stems. *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470. An assignment of error challenging imposition of a maximum and consecutive sentences pursuant to R.C. 2929.14 will only be sustained if appellant shows that the judgment was clearly and convincingly contrary to law. R.C. 2953.08(G). Before imposing the sentence, the trial court must consider the following factors.

> **(A) In determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed, the court shall consider the risk that the offender will commit another crime and the need for**

**protecting the public from the risk; the nature and circumstances of the offense; the victim impact statement prepared pursuant to section 2947.051 of the Revised Code, if a victim impact statement is required by that section; any statement by the victim pursuant to section 2930.14 of the Revised Code; and the history, character, and condition of the offender and his need for correctional or rehabilitative treatment.**

**(B)  The following do not control the court's discretion, but shall be considered in favor of imposing a longer term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:**

**(1)  The offender is a repeat or dangerous offender;**

**(2)  Regardless of whether the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense;**

**(3)  The victim of the offense has suffered severe social, psychological, physical, or economic injury as a result of the offense.**

**(C)  The following do not control the court's discretion, but shall be considered in favor of imposing a shorter minimum term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:**

**(1)  The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;**

**(2)  The offense was the result of circumstances unlikely to recur;**

**(3)  The victim of the offense induced or facilitated it;**

**(4)  There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;**

**(5)  The offender acted under strong provocation;**

**(6)  The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;**

**(7)  The offender is likely to respond quickly to correctional or rehabilitative treatment.**

**(D)  The criteria listed in divisions (B) and (C) of this section do not limit the matters that may be considered in determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed.**

R.C. § 2929.12.

{¶4}  In support of his argument, Howard alleges first that the trial court did not consider the sentencing guidelines set forth in R.C. 2929.11 and 2929.12. However, a review of the record specifically indicates that the trial court did consider the factors.  Tr. 33.  The sole remaining question is whether the trial court properly applied the factors set forth in R.C. 2929.12.  Howard admits that his conduct was a drug offense that involved organized criminal activity.  In addition, Howard has an extensive criminal record, as discussed on the record.

**The Court:  What are your prior felony convictions, Sir?**

**Howard:  Aggravated Robbery, Your Honor.  It happened in '99, 1999.**

**The Court:  You were indicted in 2000?**

> **Howard: I plead guilty to it, I think, in 2000.**
>
> **\* \* \***
>
> **Howard: I got out on judicial release and then, --**
>
> **The Court: When were you released on judicial release?**
>
> **Howard: I think it was 2000, September of 2000 or I think 2001. And I was out for awhile (sic) and I violated my probation.**
>
> **The Court: Why? What did you do?**
>
> **Howard: I think I started using drugs and stopped reporting.**
>
> **\* \* \***
>
> **The Court: And then what was, -- what was the felony theft then?**
>
> **Howard: I didn't finish payment on some merchandise I got from Rent-A-Center.**
>
> **\* \* \***
>
> **The Court: Well, now how did you meet this guy from wherever he was from?**
>
> **Howard: The informant?**
>
> **The Court: Yeah.**
>
> **Howard: I met him through my brother's friend and I would like buy prescription drugs off of him, like Xanax and oxycodones. \* \* \***

Tr. 20-24. The trial court had evidence that this was not Howard's first or even second offense that resulted in a prison term. Based upon this evidence, the trial

court did not abuse its discretion in applying the factors set forth in R.C. 2929.12. The trial court also made the necessary finding that consecutive sentences were necessary to protect the public, and were not disproportionate. R.C. 2929.14(C)(4)(c).[2] Thus, the assignment of error is overruled.

{¶5} Having found no error prejudicial to the defendant, the judgment of the Court of Common Pleas of Auglaize County is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**

---

[2] The court notes that the findings were made on the record at the hearing, but not placed on the journal entry. The better practice would be to place the mandatory findings in both places. However, this issue was not raised and need not be addressed by this court at this time.