[Cite as *State v. Bentley*, 2013-Ohio-852.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  9-12-31

    v.

DOUGLAS EUGENE BENTLEY,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 11-CR-517

Judgment Affirmed

Date of Decision:   March 11, 2013

APPEARANCES:

    *Kevin P. Collins* for Appellant

    *Brent W. Yager*   for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Douglas Bentley, appeals the Marion County Court of Common Pleas' sentence of ten years imprisonment following his guilty plea to five counts of sexual battery. Bentley argues his sentence is contrary to the purposes and principles of felony sentencing and that the trial court failed to provide adequate justification for imposing a consecutive sentence. For the following reasons, we affirm.

{¶2} On September 29, 2011, the Marion County Grand Jury indicted Bentley on 30 counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree, 30 counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree, and ten counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), felonies of the fourth degree. (Doc. No. 1).

{¶3} On October 3, 2011, the trial court arraigned Bentley. (Doc. No. 4). Bentley pled not guilty to the charges. (*Id.*).

{¶4} On February 23, 2012, Bentley pled guilty to five counts of sexual battery. (Doc. No. 16). The State dismissed the remaining charges. (*Id.*); (Apr. 24, 2012 Tr. at 3).

{¶5} On April 24, 2012, the trial court held a sentencing hearing. (Doc. No. 25). The trial court sentenced Bentley to two years imprisonment on each count of sexual battery, to be served consecutively for a total of ten years

imprisonment. (*Id.*). The trial court filed its judgment entry on April 26, 2012. (*Id.*).

{¶6} On May 24, 2012, Bentley filed a notice of appeal. (Doc. No. 27). Bentley now raises two assignments of error for our review. We elect to consolidate Bentley's assignments of error for the purposes of our discussion.

## Assignment of Error No. I

**The trial court erred to the prejudice of defendant-appellant by imposing a sentence that is contrary to the purposes and principles of felony sentencing.**

## Assignment of Error No. II

**The trial court erred to the prejudice of defendant-appellant by imposing consecutive sentences without adequate justification.**

{¶7} In his first assignment of error, Bentley argues the trial court failed to impose a sentence that is consistent with the purposes and principles of felony sentencing. Bentley contends that this sentence is the first prison term he will serve, so the trial court should have imposed the minimum potential sentence. Bentley also argues that his conduct was less serious than conduct normally constituting the offense and under circumstances not likely to reoccur. In his second assignment of error, Bentley argues the trial court failed to make the findings required by R.C. 2929.14. Bentley also contends that the trial court erred by imposing a consecutive sentence because in similar cases, the trial court had imposed a lesser sentence. Bentley argues that since the trial court failed to make

the required findings, this Court should vacate his sentence and remand the case for resentencing.

**{¶8}** As an initial matter, we note that the State has failed to file an appellee's brief in this case. Under these circumstances, App.R. 18(C) provides that we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action." Upon review of the record and brief in this case, we are not persuaded that a reversal is warranted.

**{¶9}** A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v.*

*Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶10} Pursuant to R.C. 2929.14(A)(3)(a), for a felony of the third degree that is a violation of R.C. 2907.03, "the prison terms shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." *State v. Marino*, 4th Dist. No. 11CA36, 2013-Ohio-113, ¶ 8. Here, the trial court sentenced Bentley to 24 months imprisonment on each count of sexual battery in violation of R.C. 2907.03(A)(5), which is within the statutory range and not the maximum sentence the trial court could have imposed. The trial court also ordered Bentley to serve the five 24-month terms of imprisonment consecutively.

{¶11} The revisions to the felony sentencing statutes under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} Although H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence. *State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, ¶ 57. The First District Court of Appeals has explained:

> The consecutive-sentence findings required by R.C. 2929.14(C) are not the same as those required by former R.C. 2929.19(B)(2), which provided that the trial court "shall impose a sentence and shall make a finding that *gives its reasons* for selecting the sentence * * * (c) If it imposes consecutive sentences." (Emphasis added.) *See State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 14-16. In 2003, the Ohio Supreme Court held that the requirement that a trial court give its reasons for selecting consecutive sentences was "separate and distinct from the duty to make the findings," and it imposed an obligation on the trial courts to articulate the reasons supporting their findings at the sentencing hearing. *Id*. at ¶ 19-20, 794 N.E.2d 473. The trial court's obligation to "give its reasons" is now gone from the sentencing statutes. Gone with it, we hold, is the requirement the trial court articulate and justify its findings at the sentencing hearing.

*State v. Alexander*, 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 18.

{¶13} The Courts of Appeals for the Fifth, Ninth, Eleventh, and Twelfth Districts have likewise held that while H.B. 86 reinserted language in R.C. 2929.14 requiring a trial court to make certain findings before imposing a consecutive sentence, it removed language requiring a trial court to give its reasons for selecting the sentence. *See State v. Nowlin*, 5th Dist. No. CT2012-0015, 2012-Ohio-4923, ¶ 71; *State v. Just*, 9th Dist. No. 12CA0002, 2012-Ohio-4094, ¶ 49; *State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, ¶ 57; *State v. Smith*, 12th Dist. No. CA-2012-01-004, 2012-Ohio-4523, ¶ 34. The trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences, as long as it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Murrin*, 8th Dist. No. 83714, 2004-Ohio-3962, ¶ 12.

{¶14} Additionally, the trial court must consider the purposes and principals for felony sentencing set forth in R.C. 2929.11 and the factors relating to the seriousness of the offense and the recidivism of the offender pursuant to R.C. 2929.12. *State v. Pence*, 3d Dist. No. 2-11-18, 2012-Ohio-1794, ¶ 7. The purposes and principles for felony sentencing provided in R.C. 2929.11 are "to protect the public from future crimes by the offender and others and to punish the offender, and shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with

sentences imposed for similar crimes committed by similar offenders." *Hites*, 2012-Ohio-1892, at ¶ 8. R.C. 2929.12(B) further requires the sentencing court to consider factors that indicate the offender's conduct is more serious than conduct that normally constitutes the offense, including, in pertinent part, that "[t]he offender's relationship with the victim facilitated the offense." R.C. 2929.12(D)(6).

{¶15} At the sentencing hearing, the State asserted that Bentley, who was the boyfriend of the victim's mother, had begun sexually molesting the victim, C.G., when she was 15 years old. (Apr. 24, 2012 Tr. at 4-5); (PSI). The State alleged that Bentley was a father figure to C.G. and used his relationship with her to engage in oral sex and digital penetration. (Apr. 24, 2012 Tr. at 4-5).

{¶16} C.G. and her mother each testified at the hearing. C.G.'s mother requested that the trial court sentence Bentley to counseling and probation. (*Id*. at 16). She testified that Bentley, C.G., and she had lived in the same house, but that C.G. had since moved in with another family member. (*Id*. at 18-19). C.G.'s mother continued to live with Bentley. (*Id*.). She testified that Bentley and C.G. were sorry for what had occurred, and stated "I just want my family back together." (*Id*.). C.G. testified that she is now 18 years old and that Bentley "is like a father to me." (*Id*. at 27). She testified that the sexual molestation occurred two to three times per week for about three years. (*Id*. at 30). C.G. testified that

she did not want to lose her family and requested that the trial court sentence Bentley to counseling and probation. (*Id*. at 25-27).

{¶17} Bentley apologized for his actions and requested that the trial court place him on probation. (*Id*. at 31-33). Bentley argued that the trial court had previously sentenced similar offenders to lesser sentences than the ten years imprisonment the State had requested, so a lesser sentence was appropriate in this case. (*Id*.).

{¶18} The trial court rejected Bentley's argument that based on the sentences the court had imposed on other offenders his sentence should be less than the ten years imprisonment the State had recommended. The trial court stated that the illegal conduct in the previous cases did not "multiply out to three, four, or 500 acts which seems to be what we're dealing with here. I think the scope of what we're dealing with here is way over and above anything we've dealt with before in this court." (*Id*. at 35). The trial court accepted the State's recommendation of ten years imprisonment and further found that "[c]onsecutive sentences are necessary because of the gravity of the situation and the need to adequately punish the offender for this type of activity." (*Id*. at 35); (Doc. No. 25). The trial court thus made the findings that R.C. 2929.14(C)(4) requires by making it clear that the sentence was not disproportionate to the offense, and that the seriousness of Bentley's conduct and the danger he poses to the public

required a consecutive sentence. (Apr. 24, 2012 Tr. at 35); (Doc. No. 25). The trial court also explained that Bentley's multiple offenses resulted in an offense that is more serious than the offenses the trial court has previously seen, making a consecutive sentence appropriate pursuant to R.C. 2929.14(C)(4)(b). (Apr. 24, 2012 Tr. at 35). After reviewing the record, we cannot find that the trial court failed to provide adequate justification for imposing a consecutive sentence.

{¶19} We also cannot find that Bentley's sentence of ten years imprisonment is contrary to the purposes and principles of felony sentencing. C.G., the victim of Bentley's offenses, lived with Bentley and viewed him as a father. (PSI). Bentley used his relationship with C.G. to facilitate the offense, which is a factor indicating Bentley's conduct is more serious than conduct normally constituting the offense. R.C. 2929.12(D)(6). Furthermore, C.G. testified that Bentley sexually molested her two to three times a week for roughly three years. (*Id*.). We note that Bentley's sentence of ten years imprisonment is not the maximum sentence the trial court could have imposed for his offenses. *See* R.C. 2929.14(A)(3)(a). In light of the seriousness and length of Bentley's illegal conduct, as well as his use of his relationship with the victim to commit the offenses, we cannot find that his sentence is contrary to the purposes and principles of felony sentencing.

{¶20} Bentley's first and second assignments of error are, therefore, overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, J., concurs.**

**/jlr**

**ROGERS, J., Concurring Separately.**

{¶22} I concur with the result reached by the majority based on the specific facts of this case. I write separately because, in my mind, the majority places too much emphasis on *State v. Murrin*. *Murrin* was decided under a previous statute and the Ohio Supreme Court has yet to determine whether R.C. 2929.14(C)(4) requires trial courts to explicitly state their findings during sentencing hearings and/or sentencing entries in order to sustain the imposition of consecutive sentences. Because the General Assembly saw fit to require certain findings, I think it appropriate to require the trial court to explicitly state those findings at the time of sentencing and in its sentencing entry. *See State v. Howard*, 3d Dist. No. 2-11-32, 2012-Ohio-2836, fn. 2 (stating that the better practice would be to

explicitly state the mandatory findings of R.C. 2929.14(C)(4) during the sentencing hearing and in the sentencing entry). I will acquiesce in this case due to the extensive comments of the trial court during the sentencing hearing, and the several appellate decisions which seem to find the specific expression of the findings to be unnecessary. However, I do not believe that the General Assembly intended that the reviewing court should have to review every comment by the trial court and weigh those comments in order to determine whether it would make the necessary findings when the trial court has not.