[Cite as *State v. Rust*, 2013-Ohio-2151.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                CASE NO. 9-12-49

     v.

DONALD E. RUST,                       O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 11-CR-395

Judgment Affirmed

Date of Decision: May 28, 2013

APPEARANCES:

    *J.C. Ratliff* **for Appellant**

    *Brent W. Yager and David J. Stamolis* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Donald E. Rust, appeals the Marion County Court of Common Pleas' sentence of 18 years imprisonment following his guilty plea to six third degree felonies. Rust argues that the trial court failed to provide adequate justification for imposing maximum, consecutive sentences, and that he was denied effective assistance of counsel. For the following reasons, we affirm.

{¶2} On August 4, 2011, the Marion County Grand Jury indicted Rust on Count One of aggravated burglary in violation of R.C. 2911.11(A)(1), a first degree felony; Count Two of kidnapping in violation of R.C. 2905.01(B)(2), a first degree felony; Count Three of burglary in violation of R.C. 2911.12(A)(4), a fourth degree felony; Count Four of failure to comply in violation of R.C. 2921.331(B)/(C)(4), a fourth degree felony; Count Five of failure to comply in violation of R.C. 2921.331(B)/(C)(5), a third degree felony; Count Six of felonious assault (peace officer) in violation of R.C. 2903.11(A)(2), a first degree felony; and, Count Seven of operating a vehicle under the influence in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor. (Doc. No. 1). The indictment included a repeat violent offender specification as to Counts One, Two, and Six and a forfeiture specification as to all of the felony counts. (*Id.*).

{¶3} The trial court arraigned Rust on August 8, 2011. (Doc. No. 4). At that time, Rust pled not guilty to the charges. (*Id.*).

{¶4} By April 9, 2012, Rust and plaintiff-appellee, State of Ohio, reached a plea agreement. That morning, as part of the plea agreement, the State filed a bill of information, charging Rust with Count Eight of burglary in violation of R.C. 2911.12(A)(3), a third degree felony; Count Nine of attempted felonious assault in violation of R.C. 2903.11(A)(1), a third degree felony; and, Count Ten of tampering with evidence in violation of R.C. 2921.12(A)(1), a third degree felony. (Doc. No. 58).

{¶5} Later in the day on April 9, 2012, the trial court held a plea hearing. (Apr. 9, 2012 Tr. at 1); (Doc. No. 86). At the hearing, also as part of the plea agreement, the State moved to amend the indictment to reduce Count One to burglary in violation of R.C. 2911.12(A)(3), a third degree felony, and to reduce Count Two to abduction in violation of R.C. 2905.02(A)(2),[1] a third degree felony. (*Id.*); (*Id.*). The trial court granted the State's motion to amend the indictment. (Doc. No. 86).

{¶6} At the April 9, 2012 plea hearing, Rust withdrew his not-guilty plea and pled guilty to Counts One and Two, as amended, and Count Five, all felonies of the third degree. (Doc. Nos. 59, 86); (Apr. 9, 2012 Tr. at 19-20). Rust also waived his right to indictment and pled guilty to the bill of information, containing

---

[1] The trial court's judgment entry of sentencing contains a typographical error, which does not impact our disposition of this appeal. *State v. Lux*, 2d Dist. No. 2010 CA 30, 2012-Ohio-112, ¶ 42. The trial court refers to the amended count of "Abduction [R.C. 2905.01(A)(2)], F3." It appears the trial court intended to cite R.C. 2905.02(A)(2), the abduction statute, rather than R.C. 2905.01(A)(2), the kidnapping statute.

Counts Eight, Nine, and Ten, all felonies of the third degree. (*Id.*); (*Id.* at 3, 20). The State dismissed the remaining charges, the repeat violent offender specification, and the forfeiture specification. (Doc. Nos. 59, 86).

{¶7} On July 16, 2012, the trial court held a sentencing hearing. (Doc. No. 86); (July 16, 2012 Tr. at 1). In addition to counsel and Rust, five people presented statements to the trial court, including four people on behalf of Rust. (July 16, 2012 Tr. at 1-32). Before sentencing, the trial court was informed of Rust's criminal history, which included multiple rape offenses, a grand theft offense, and an escape offense. (Pre-Sentence Investigation Report ("PSI")).

{¶8} The trial court accepted the State's sentencing recommendation and sentenced Rust to the maximum prison term—36 months imprisonment on each of the six counts to which Rust pled guilty, to be served consecutively for a total of 18 years imprisonment. (July 16, 2012 Tr. at 29-30). The trial court filed its judgment entry of sentencing on July 19, 2012. (Doc. No. 86).

{¶9} On August 17, 2012, Rust filed a notice of appeal. (Doc. No. 88). Rust raises two assignments of error for our review.

**Assignment of Error No. I**

**The trial court erred to the prejudice of defendant-appellant by imposing maximum consecutive sentences without adequate justification.**

{¶10} In his first assignment of error, Rust argues that the record does not support the imposition of maximum, consecutive sentences. In particular, he argues that his sentence is contrary to the purposes and principles for felony sentencing set forth in R.C. 2929.11 and the factors relating to the seriousness of the offense and the recidivism of the offender under R.C. 2929.12.

{¶11} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is

"'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

**{¶12}** For each of the six third degree felonies to which Rust pled guilty, "the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." *State v. Snyder*, 3d Dist. No. 13–11–37, 2012-Ohio-3069, ¶ 20, citing R.C. 2929.14(A)(3)(b).[2] Here, the trial court sentenced Rust to 36 months imprisonment on each of the six counts to which Rust pled guilty, which terms are all within the statutory range. Therefore, Rust's sentence is not contrary to law.

**{¶13}** R.C. 2929.14(C)(4), as amended in 2011 by H.B. 86, requires a trial court to make specific findings when imposing consecutive sentences. *State v. Bentley*, 3d Dist. No. 9-12-31, 2013-Ohio-852, ¶ 11. Specifically, R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions
>
> of multiple offenses, the court may require the offender to serve the
>
> prison terms consecutively if the court finds that the consecutive

---

[2] R.C. 2929.14(A)(3)(a) provides for a 60-month maximum penalty for certain offenses, including burglary in violation of R.C. 2911.12, if the offender previously has been convicted of or pled guilty in two or more separate proceedings to two or more aggravated robbery, robbery, aggravated burglary, or burglary offenses. *Snyder*, 2012-Ohio-3069, at ¶ 20, fn.3. While Rust pled guilty to burglary in violation of R.C. 2911.12, his prior criminal history does not satisfy the prerequisite for the 60-month maximum penalty under R.C. 2929.14(A)(3)(a). Therefore, the maximum penalty for the burglary count to which Rust pled guilty, as with the other third degree felonies to which he pled guilty, was 36 months.

- 6 -

sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} Although R.C. 2929.14(C)(4) requires the trial court to make findings before imposing a consecutive sentence, following the enactment of H.B. 86, the statute does not require the trial court to give its reasons for imposing the

sentence. *Bentley*, 2013-Ohio-852, at ¶ 12; *State v. Alexander*, 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 18; *State v. Nowlin*, 5th Dist. No. CT2012-0015, 2012-Ohio-4923, ¶ 69; *State v. Parsons*, 7th Dist. No. 12 BE 11, 2013-Ohio-1281, ¶ 23; *State v. Just*, 9th Dist. No. 12CA0002, 2012-Ohio-4094, ¶ 49; *State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, ¶ 57; *State v. Smith*, 12th Dist. No. CA-2012-01-004, 2012-Ohio-4523, ¶ 34.

{¶15} Additionally, in sentencing an offender, a trial court must consider R.C. 2929.11 and 2929.12. *State v. Pence*, 3d Dist. No. 2-11-18, 2012-Ohio-1794, ¶ 9. The purposes and principles for felony sentencing provided in R.C. 2929.11 are:

> to protect the public from future crimes by the offender and others and to punish the offender, and shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. *State v. Hites,* 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 8.

R.C. 2929.12(B) further requires the sentencing court to consider factors that indicate the offender's conduct is more or less serious than conduct that normally constitutes the offense and factors that indicate the offender is likely or not likely

to commit future offenses. *State v. Billeg*, 3d Dist. No. 16-12-03, 2013-Ohio-219, ¶ 22.

**{¶16}** In sentencing Rust to consecutive terms, the trial court made the findings required by R.C. 2929.14(C)(4). The trial court stated in its journal entry of sentencing:

> The Court finds consecutive service is necessary to protect the public from future crime, and the sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public. The Defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the Defendant. (Doc. No. 86).

The trial court also stated these findings at the sentencing hearing. (July 16, 2012 Tr. at 30).

**{¶17}** In sentencing Rust to maximum, consecutive terms of imprisonment, the trial court considered R.C. 2929.11 and 2929.12. In its judgment entry of sentencing, the trial court stated that it considered "the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and the appropriate factors under R.C. 2929.12." (Doc. No. 86). The transcript of the sentencing hearing also

reflects that the trial court considered the sentencing statutes when sentencing Rust. (July 16, 2012 Tr. at 28-29).

{¶18} Rust acknowledges that the trial court made the findings required by R.C. 2929.14(C)(4) and considered the "statutory factors." (Appellant's Brief at 6, 9). Rust argues, however, that the sentence is contrary to the purposes and principles of felony sentencing and the factors relating to the seriousness of the offense and the recidivism of the offender. Rust also argues that the record was insufficient to support the imposition of consecutive sentences. After reviewing the record, we are not persuaded by these arguments.

{¶19} Rust's sentence was not contrary to the purposes and principles set forth in R.C. 2929.11. In its journal entry of sentencing, the trial court noted Rust's criminal history, finding that it warranted consecutive sentences to protect the public from future crimes by Rust. (Doc. No. 86). The record also reflects the harm suffered by at least one of the victims of Rust's crimes. That victim, whose home Rust burglarized and who Rust held at knifepoint, explained at the sentencing hearing the serious psychological harm she has suffered: "[Rust] has no idea how he changed me. That day was very emotional. It's been very emotional since. I went through two months of treatment. Just somebody knocking on the door would set me off." (July 16, 2012 Tr. at 6); (*see also* PSI). Rust's sentence is, therefore, not contrary to R.C. 2929.11.

**{¶20}** Nor is Rust's sentence contrary to R.C. 2929.12. Among the factors for determining whether the offense is more serious than conduct that normally constitutes the offense is any "serious physical, psychological, or economic harm" suffered by a victim as a result of the offense. R.C. 2929.12(B)(2). The victim who Rust held at knifepoint described in a victim impact statement and at the sentencing hearing the serious psychological harm she suffered. (PSI); (July 16, 2012 Tr. at 6). The record reflects that none of the factors for determining whether the offender's conduct is less serious than conduct that normally constitutes the offense favor Rust: no victims induced the offense; Rust did not act under strong provocation; Rust caused physical harm to property, most notably by ramming his pickup truck into an Ohio Highway Patrol cruiser (Apr. 9, 2012 Tr. at 18-19); and, there are no substantial grounds to mitigate Rust's conduct. R.C. 2929.12(C). When considering the likelihood of recidivism, R.C. 2929.12(D) allows the trial court to consider "any other relevant factors" in addition to those listed in the statute. The record reflects that while Rust was out on bond, he went out of state without permission, and the trial court considered that relevant factor in its sentencing decision. (July 16, 2012 Tr. at 29). For these reasons, after reviewing the record, we cannot conclude that Rust's sentence is contrary to R.C. 2929.11 or 2929.12 or not adequately supported by the record.

**{¶21}** Rust's first assignment of error is, therefore, overruled.

**Assignment of Error No. II**

**Defendant-appellant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

{¶22} In his second assignment of error, Rust argues that he was denied effective assistance of counsel because his trial counsel failed to argue to the trial court the findings of the psychologist who examined him and to present to the trial court any evidence of sentences imposed in similar cases.

{¶23} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985); *Strickland*, 466 U.S. at 687.

{¶24} In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies

prompted by reasonable professional judgment. *Strickland*, 466 U.S. at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St. 3d 136, 141-142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976).

{¶25} A review of the record shows that Rust's trial counsel's assistance was not ineffective. First, the record does not indicate that Rust's trial counsel's performance was deficient or unreasonable. Rust suggests that his trial counsel should have argued to the trial court the findings in the psychologist's report, but the transcript of the sentencing hearing reveals that trial counsel did refer the trial court to that report: "And by reading Dr. Smaldon's [sic] report, under psychological evaluation, Your Honor, I think it is clear for this analysis that is [sic] was the drinking that caused this incident over the background of Mr. Knots, excuse me, as [sic] Mr. Rust as he described." (July 16, 2012 Tr. at 26).

{¶26} Rust further argues that his trial counsel should have had the psychologist present a statement at the sentencing hearing, but the decision whether to call a witness is "within the rubric of trial strategy and will not be

second-guessed by a reviewing court." *State v. Stiles*, 3d Dist. No. 1-08-12, 2009-Ohio-89, ¶ 58 (citation and internal quotation marks omitted); *see also State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 278 (concluding that the decision not to call a psychologist as a witness during the penalty phase of a capital murder trial "was a tactical choice as part of a trial strategy" and, therefore, not ineffective assistance). With the psychologist's report available to the trial court, it was far from unreasonable to forego a statement by the psychologist at the sentencing hearing, particularly when trial counsel offered statements from four individuals on behalf of Rust, in addition to the statements of Rust and trial counsel. *Stiles*, 2009-Ohio-89, at ¶ 58-59.

{¶27} Nor was it unreasonable or deficient not to offer to the trial court information concerning sentences imposed in similar cases because presentation of mitigation evidence at a sentencing hearing is a matter of trial strategy. *Id.* at ¶ 59. Rust has, therefore, failed to demonstrate that trial counsel's performance was deficient or unreasonable.

{¶28} Rust has likewise failed to demonstrate that he was prejudiced by his trial counsel's performance. Indeed, Rust does not argue that but for his trial counsel's deficient or unreasonable performance, he would not have pled guilty. *Xie*, 62 Ohio St.3d at 524. As originally indicted, Rust faced a multi-decade total, maximum sentence. (Doc. No. 1). His trial counsel negotiated a plea agreement

under which the State agreed to dismiss six counts, the repeat violent offender specification, and the forfeiture specification. (Doc. No. 86). Under the negotiated plea agreement, Rust faced a total maximum sentence of 18 years—a substantial reduction from the possible total term of imprisonment as charged in the original indictment. From at least as early as the hearing at which Rust entered his guilty plea, the State requested an 18-year sentence, and Rust acknowledged as much. (Apr. 9, 2012 Tr. at 2, 6). Therefore, even assuming Rust could establish that his trial counsel's performance were deficient or unreasonable, he cannot demonstrate that he was prejudiced. For these reasons, Rust has failed to establish that his trial counsel's assistance was ineffective under the law.

{¶29} Rust's second assignment of error is, therefore, overruled.

{¶30} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**