[Cite as *State v. Peddicord*, 2014-Ohio-2849.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                       CASE NO. 7-13-12

  v.

MAURICE C. PEDDICORD, III,             O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Henry County Common Pleas Court
Trial Court No. 12 CR 0065

Judgment Affirmed

Date of Decision:  June 30, 2014


APPEARANCES:

    *Alan J. Lehenbauer* for Appellant.

    *J. Hawken Flanagan* for Appellee.

**WILLAMOWSKI, P.J.**

{¶1} Defendant–Appellant, Maurice C. Peddicord, III, appeals the judgment of the Court of Common Pleas of Henry County, Ohio, sentencing him to two consecutive prison terms for his conviction on two counts of gross sexual imposition. For the reasons that follow, we affirm the trial court's judgment.

{¶2} The relevant facts of this case were previously outlined in *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, as follows. On October 23, 2012, Peddicord was found guilty on two counts of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4),(C)(2), for "sexual abuse of R.P., a three-year old female, while he was responsible for supervising her." *Id.* at ¶¶ 2-3. He was sentenced on December 4, 2012, "to a prison term of five years for each count, to be run consecutively, for a total of 10 years." *Id.* at ¶ 6.

{¶3} Upon appeal, we reversed the trial court's sentencing decision in part due to the trial court's failure to make any of the three statutory findings that are required by R.C. 2929.14(C)(4) when imposing consecutive sentences. We remanded the matter to the trial court to "consider making the necessary findings to support an imposition of consecutive sentences." *Id.* at ¶¶ 34-35.

{¶4} On September 16, 2013, the trial court conducted a new sentencing hearing and again sentenced Peddicord to two consecutive prison terms of five

years each, for a total mandatory prison term of ten years. From this judgment Peddicord now appeals raising the following assignment of error.

## ASSIGNMENT OF ERROR

**The trial court erred by imposing consecutive sentences for appellant's convictions for two counts of gross sexual imposition.**

{¶5} Peddicord's main argument on this appeal is that the record did not support the trial court's findings required for imposing consecutive sentences. He further argues that the words used by the trial court in one of the findings do not properly follow the statutory language and are therefore insufficient to satisfy the findings required under the statute.

{¶6} An appellate court must conduct a meaningful review of the imposition of consecutive sentences by the trial court. *State v. Billeg*, 3d Dist. Wyandot No. 16-12-03, 2013-Ohio-219, ¶ 20; *State v. Daughenbaugh*, 3d Dist. Wyandot No. 16-07-07, 2007-Ohio-5774, ¶ 8. Nevertheless, because the trial court is in a better position "to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims," when reviewing the imposition of consecutive sentences we should not substitute our judgment for that of the trial court. *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400, 754 N.E.2d 1252 (2001). Therefore, we will not disturb the trial court's findings absent a showing by clear

and convincing evidence that the sentence is unsupported by the record. *State v. Lester*, 3d Dist. Wyandot No. 16-05-01, 2005-Ohio-3885, ¶ 10.

{¶7} In order to impose consecutive sentences the trial court was required to make certain specific findings on the record, as required by R.C. 2929.14(C)(4). *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *Peddicord*, 2013-Ohio-3398, ¶ 33. Under R.C. 2929.14(C)(4),

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14. Therefore, in order to impose consecutive sentences, the trial court must find on the record that (1) consecutive sentences are necessary to *either*

protect the public *or* punish the offender; (2) the sentences would not be disproportionate to the offense committed and to the danger posed to the public by the offender; and (3) the timing of the offense, the harm caused by multiple offenses, or the offender's criminal history justify the imposition of consecutive sentences. *Id.*; *Peddicord*, 2013-Ohio-3398, at ¶ 33.

{¶8} The trial court made the following statements on the record in support of the consecutive sentences for Peddicord.

> The court has reviewed of course the record * * *. In reviewing the file and the information in front of it and the previous transcript as well its, in considering whether or not the sentences would be served in each count would be consecutive or concurrent, the Court has reviewed, once again, that 2929.14 statute, the two counts did arise out of two separate courses of conduct. Count One reflected the time period of June 14 through 17 and Count Two reflected a time frame June 17 through June 20 of the year 2012. Now, the Court's looked at this back at the transcript and there was, I believe, information provided at the time that this was a child of extremely tender years and I don't think the Court is forbidden from inferring that in any regard, that the conduct in which the Court entered a guilty finding is so serious with regard to the impact that it would have with a child of that age. That, for the Court to view a single sentence would so significantly diminish the seriousness of the conduct. That a single sentence would be totally inadequate. The conduct reflected requires a consecutive sentence to be imposed.
>
> * * *
>
> In closing the court would reiterate the, for the record, that the sentences being made consecutive serve both to punish the defendant for the conduct as well as to protect the public and that being consecutive in no way are disproportionate to the conduct of the defendant and serve to in fact, reinforce the seriousness of the offense and not to in any way diminish the seriousness of the underlying offenses.

(Tr. of Proceedings, Sept. 16, 2013, at 4-7.) These findings were entered into a judgment entry on September 18, 2013, as follows.

> The court * * * specifically found that consecutive sentences are necessary to protect the public and punish the offender; that the sentences are not disproportionate to the offense committed; and that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of the offenders [sic] conduct.

(R. at 28, J. Entry.)

{¶9} Peddicord asserts that the record contradicts the above findings of the trial court. We disagree.

1. *Consecutive sentences are necessary to* either *protect the public* or *punish Peddicord.*

{¶10} First, Peddicord argues that consecutive sentences were not necessary to protect the public. In support of this argument, Peddicord submits that he was released on personal recognizance during the underlying criminal proceedings[1] and that he did not have a prior criminal record. These facts, in his opinion, clearly and convincingly show that he was not a threat to the public and therefore, consecutive sentences were not necessary to protect the public. Even if Peddicord were correct in his assertion that the fact of being released on personal recognizance and the lack of prior criminal record show by clear and convincing

---

[1] Peddicord refers to "Recognizance filed 6/28/12." (App't Br. At 8.) This filing is not attached to the record.

evidence the lack of need to protect the public, his argument would still fail. To satisfy the first element of R.C. 2929.14(C)(4), the trial court was required to find that consecutive sentences were necessary to *either* protect the public *or* punish the offender. Here, the trial court found both purposes satisfied. Therefore, even if the finding that consecutive sentences were necessary to protect the public were incorrect, the trial court's finding that they were necessary to punish Peddicord is sufficient and there is no evidence that this finding was improper or unsupported by the record.

> 2. *The sentences are not disproportionate to the offense committed and to the danger posed by Peddicord to the public.*

**{¶11}** Peddicord also asserts that the imposition of consecutive sentences was disproportionate to the seriousness of his conduct. He claims that because he was convicted of only two acts of gross sexual imposition and the incidents occurred within a short period of time, rather than continuously over the years, consecutive sentences are too harsh. These assertions do not amount to clear and convincing evidence in support of reversing the trial court, which is in a better position to judge the seriousness of the defendant's conduct. *See Watkins*, 2004-Ohio-4809, at ¶ 16, quoting *Jones*, 93 Ohio St.3d at 400.

> 3. *The offenses were committed as part of one or more courses of conduct, and the harm caused by these offenses was so great or unusual that no single prison term adequately reflects the seriousness of Peddicord's conduct.*

**{¶12}** Here, the trial court attempted to satisfy subdivision (b) of R.C. 2929.14(C)(4). Peddicord alleges that the language used by the trial court does not satisfy the statute and that even if it did, the record does not support the finding of great or unusual harm to the victim.

**{¶13}** "The trial court is not required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences, as long as it is 'clear from the record that the trial court engaged in the appropriate analysis.' " *State v. Bentley*, 3d Dist. Marion No. 9-12-31, 2013-Ohio-852, ¶ 13, quoting *State v. Murrin,* 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12. Here, the trial court stated that "the two counts did arise out of two separate courses of conduct" and it "inferred" that Peddicord's conduct was "so serious with regard to the impact that it would have with a child of that age. That, for the Court to view a single sentence would so significantly diminish the seriousness of the conduct. That a single sentence would be totally inadequate." (Tr. of Proceedings, Sept. 16, 2013, at 5.) Peddicord seems to argue that the trial court's failure to use the word "harm" together with adjectives "great or unusual" renders the finding defective. Nevertheless, the trial court's finding with respect to the serious "impact" on the child, followed by the exact statutory language in the judgment entry, sufficiently proves that "the trial court engaged in the appropriate analysis." *See Bentley*, 2013-Ohio-852, at ¶ 13.

**{¶14}** Peddicord further asserts that "there is a complete absence of actual evidence as to the harm caused to the child." (App't Br. at 9.) He is incorrect.

We recognize that due to the nature of the no contest plea, the record contains little information about the facts of the case. Furthermore, the young victim was likely not able to describe the effects that Peddicord's actions had upon her. Nonetheless, the Presentence Investigation Report (PSI), prepared prior to sentencing, on November 27, 2012, includes two victim impact statements, written by the child's mother on October 27, 2012, and November 12, 2012. (*See* attachments to PSI.) Those describe psychological, economic, and social effects that the offenses committed by Peddicord had upon the child and her family. While the trial court's use of the word "inferring" could cause Peddicord to believe that the trial court based its finding of harm merely on the fact that "the child was 'of extremely tender years' " (App't Br. at 9, quoting Tr. of Proceedings, Sept. 16, 2013, at 5), our review of the record shows factual support for that inference-finding. The record does not include, and Peddicord does not cite, any facts that would contradict the mother's statements. Accordingly, there is no clear and convincing evidence that the trial court's findings of the extent of harm or "impact" upon the child were incorrect.

{¶15} Based upon the foregoing, we hold that the trial court did not err by imposing consecutive sentences. Peddicord's sole assignment of error is thus overruled.

*Conclusion*

{¶16} Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Court of Common Pleas of Henry County, Ohio, is thereby affirmed.

***Judgment Affirmed***

**ROGERS and PRESTON, J.J., concur.**

**/hlo**