[Cite as *State v. Davis*, 2011-Ohio-5441.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
AUGLAIZE COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,              CASE NO.  2-11-06

     v.

RODNEY GEORGE DAVIS,           O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Auglaize County Common Pleas Court
Trial Court No. 2011-CR-33

Judgment Affirmed

Date of Decision:   October 24, 2011


APPEARANCES:

    *Edwin A. Pierce and Amy Otley Beckett*  for Appellant

    *Gerald F. Siesel*  for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Rodney George Davis ("Davis"), appeals the judgment of the Auglaize County Court of Common Pleas sentencing him to thirty months in prison after he pled guilty to trafficking in drugs and possession of criminal tools. On appeal, Davis contends that the trial court's imposition of maximum, consecutive sentences was contrary to law and was an abuse of discretion. For the reasons set forth below, the judgment is affirmed.

{¶2} On February 22, 2011, the Auglaize County Grand Jury returned a two-count indictment against Davis, charging him with trafficking in marijuana (in an amount greater than 1,000 grams but less than 5,000 grams), in violation of R.C. 2925.03(A)(2)(C)(3)(c), a felony of the third degree, and possession of marijuana, in violation of R.C. 2925.11(A)(2)(C)(3)(d), also a felony of the third degree. The marijuana was discovered after a traffic stop initiated by the Ohio State Highway Patrol on I-75 in Wapakoneta, on February 8, 2011.

{¶3} Davis entered pleas of not guilty to the charges and his attorney filed a motion to suppress the evidence, claiming that it was obtained as the result of a warrantless search. A hearing on the motion to suppress was scheduled for April 11, 2011. Prior to the hearing date, the parties reached a negotiated plea agreement and the trial court held the change of plea hearing on the date previously set for the hearing on the motion to suppress.

{¶4} Davis agreed to plead guilty to an amended count one of the indictment, reducing the amount of marijuana specified to less than 1,000 grams, pursuant to R.C. 2925.03(A)(2)(C)(3)(c), a felony of the fourth degree. Davis also agreed to plead guilty to a Bill of Information charging him with possession of criminal tools, a violation of R.C. 2923.24(A), a felony of the fifth degree.[1] The State agreed to dismiss the second count in the indictment.

{¶5} During the change of plea hearing, Davis admitted that he had acted as a "mule" to transport nearly 10 lbs.[2] of marijuana from Cincinnati to Detroit. Davis claimed that he was only a "go-between" and that he had only used a portion of the acquired marijuana for personal use and to obtain funds to cover his lodging and his gasoline expenses for the trip back to Detroit. Davis acknowledged that he had a criminal record, having just been released from prison in late 2010 after serving eighteen months for another felony drug trafficking offense. He also had a prior 2005 felony conviction for possession of marijuana.

{¶6} The trial court conducted a full and detailed Crim.R. 11 plea colloquy before accepting Davis' pleas and finding him guilty. The trial court then held the sentencing hearing. The State requested that Davis be given maximum, consecutive sentences based upon his prior criminal record and the amount of

---

[1] Davis also agreed to waive prosecution by indictment to the criminal tools charge and also waived the 24-hour waiting period before entering his plea to the new charge.
[2] Davis possessed more than 4,300 grams of marijuana at the time of his arrest.

drugs involved. Davis and his attorney spoke on his behalf in favor of mitigation, indicating that he was truly sorry for what he had done, that he had behaved responsibly while he had been out on bond, and that he wanted to turn his life around and be a better father to his four-year-old son, who lived in Georgia with his fiancé.

{¶7} On April 11, 2011,[3] the trial court sentenced Davis to eighteen months in prison for the amended count for drug trafficking, and twelve months in prison for possession of criminal tools as set forth in the bill of information, with the sentences to run consecutively for a total prison term of thirty months. The trial court also suspended Davis' driver license for five years, ordered him to pay a $1,500 fine and court costs, and advised him that he was subject to an optional three-year period of post-release control.

{¶8} It is from this judgment that Davis now appeals, raising the following assignment of error for our review.

<b>Assignment of Error</b>

**The trial court's sentence of [Davis] to consecutive maximum sentences totaling thirty (30) months was contrary to law and further constituted an abuse of discretion in failing to properly consider and apply the felony sentencing guidelines set forth in Ohio Revised Code, Sections 2929.11 and 2929.12.**

---

[3] The statutes and applicable law that are cited herein are those that were in effect on February 8, 2011 and April 11, 2011, when Davis committed the offense and was sentenced. They do not reflect any modifications that may have occurred as a result of House Bill 86, effective 9-30-11. See R.C. 1.58.

{¶9} Davis' sole assignment of error alleges that the trial court erred in imposing maximum, consecutive sentences without giving proper consideration to the felony sentencing statute guidelines. Citing to the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, Davis complains that: (1) the sentence was contrary to law because the trial court failed to sufficiently indicate that it considered the sentencing factors in R.C. 2929.11 and R.C. 2929.12; and, (2) the trial court abused its discretion when it failed to properly apply the seriousness and recidivisms factors set forth in R.C. 2929.12.

{¶10} Ever since the Ohio Supreme Court's ruling in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶37. Courts, nevertheless, are still required to comply with the sentencing laws unaffected by *Foster*, such as R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors. *Mathis* at ¶38. However, a sentencing court does not have to make any specific findings to demonstrate its consideration of those general guidance statutes. *Foster* at ¶42.

**{¶11}** In *State v. Bates*, the Ohio Supreme Court recognized that the decision in *Foster* left no specific statute in place to govern the imposition of consecutive sentences beyond the basic statutes regarding the "purposes and principles of sentencing." 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶18. The Court held that common-law sentencing presumptions were reinstated, giving trial judges "the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently." Id. at ¶18–19; *State v. Hodge*, 128 Ohio St.3d 1, 4, 2010-Ohio-6320, 941 N.E.2d 768, 772, ¶12.

**{¶12}** In *State v. Hodge,* the Ohio Supreme Court held that the decision of the United States Supreme Court in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, did not revive Ohio's former consecutive-sentencing statutory provisions which were held unconstitutional in *State v. Foster*. *Hodge*, at paragraph two of the syllabus. The Ohio Supreme Court also restated its previous holdings concerning a trial court's discretion to impose consecutive or maximum sentences:

> **We reaffirmed *Foster* and *Bates* in *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, holding that a trial court has the discretion to impose consecutive sentences in the wake of those decisions and that despite the severance of the statutory presumptions, a trial court is not required by the rule of lenity to impose minimum or concurrent sentences. Id. at paragraph two of the syllabus and at ¶36–41.**

> **In reliance on these decisions, many defendants in Ohio have been sentenced by trial judges who have exercised their discretion to impose consecutive sentences without applying any of the statutes severed in Foster, including those regarding consecutive sentencing.**

*Hodge*, at ¶¶13-14.

{¶13} Appeals of a sentence for any reason, other than an appeal of the application of the factors in R.C. 2929.12, shall be reviewed using a clear and convincing evidence standard as set forth in R.C. 2953.08(G). *Kalish*, 120 Ohio St.3d 23, at ¶42. However, R.C. 2929.12(A), specifically states that "a court that imposes a sentence under this chapter upon an offender for a felony *has discretion* to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." (Emphasis added.) Therefore, the trial court's application of R.C. 2929.12 is reviewed under an abuse of discretion standard. *Kalish*, at ¶38.

{¶14} R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism. R.C.

2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E).

{¶15} Davis does not dispute that the sentences he received were within the statutory guidelines. However, he contends that the trial court failed to sufficiently indicate that it had considered the factors set forth in R.C. 2929.11 and 2929.12 as part of its decision process. Davis again cites the plurality opinion in *Kalish* for the proposition that "[s]ince R.C. 2929.11 and 2929.12 require the court to consider certain issues and factors, and in light of this court's holding in *Arnett*, a judgment entry devoid of any reference to R.C. 2929.11 and 2929.12 would be contrary to law." *Kalish*, at ¶37. See, also *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793, 799. Davis also "urges that more is needed" than mere rote recitation in a journal entry and proposes that the record at a sentencing hearing should affirmatively indicate that the sentencing judge actually considered the sentencing factors when imposing sentence. (Appellant's Br., p. 14.)

{¶16} The record in this case shows that the trial court fully complied with all of the requirements pertaining to consideration of the statutory sentencing factors. The trial court's judgment entry specifically stated that it had considered "the principles and purposes of sentencing under [R.C.] 2929.11, and has balanced

the seriousness and recidivism factors under [R.C.] 2929.12." (Apr. 11, 2011 J.E., vol. 107, p. 1889.) And, although the trial court did not specifically state that it had considered those statutes during the sentencing hearing, it was abundantly clear from the record that the trial court carefully weighed and considered all of the statutory requirements.

{¶17} After the trial court permitted Davis and his attorney to speak at length as to why they believed he was entitled to leniency, the trial court personally questioned Davis extensively about his actions pertaining to the offense, his personal life, his education, his family, his prior record, and his future intentions. (Tr. pp. 21-29; 33-42.) The trial court also discussed on the record several of its findings pertaining to the seriousness of the offense, and its skepticism that Davis was truly sorry and wanted to turn his life around. The trial court stated:

> **Mr. Davis, I kind of feel like you already got your break. You went from an F3 to an F4 and F5. * * * [I]t's people like you who are letting and helping those people make all of that money off of poor people. I really do believe that the heroin and the cocaine and the marijuana and everything else that is addictive is the slavery of our time * * *. You did it for the money. You did it knowing what the risk was. You're lucky you're not going for a longer time than what I can give you.**

(Transcript, p. 42.)

**{¶18}** Based on the above, we do not find that Davis has demonstrated clearly and convincingly that the trial court failed to consider R.C. 2929.11 and 2929.12, and therefore, we do not find the sentence contrary to law. This court declines Davis' suggestion that we impose heightened requirements pertaining to a trial court's statements on the record concerning its consideration of these statutory factors. See, e.g. *State v. Foust*, 3d Dist. No. 3-07-11, 2007-Ohio-5767, ¶27 (the trial court is not required to state on the record that it has considered the statutory criteria); *State v. Kincade*, 3d Dist. No. 16–09–20, 2010–Ohio–1497, ¶8 (a sentencing court is not required to use specific language regarding its consideration of the seriousness and recidivism factors).

**{¶19}** Finally, we do not find that the trial court abused its discretion in its application of the seriousness and recidivism factors set forth in R.C. 2929.12. See *Kalish*, at ¶38; *Hodge*, at ¶¶13-14. The trial court "has the discretion to determine the weight to assign a particular statutory factor." *Arnett*, at 215-216, citing to *State v. Fox* (1994), 69 Ohio St.3d 183, 193, 631 N.E.2d 124, 132; *State v. Mills* (1992), 62 Ohio St.3d 357, 376, 582 N.E.2d 972, 978.

**{¶20}** In his appeal, Davis points to many of the factors listed in R.C. 2929.12(B) through (E), pertaining to the seriousness of the offense and the likelihood of recidivism that could potentially benefit him, pointing out that: no victim suffered any documented physical harm; he did not use his position,

profession, or office to facilitate the commission of the crime; the offenses weren't motived by prejudice; they did not involve a family member; etc. And, although Davis acknowledges that he had a prior criminal record, he made several statements at the hearing allegedly showing his remorse and attempting to demonstrate that he intended to change his behavior in the future. He maintains that the trial court would not have had any justification for imposing thirty consecutive months of imprisonment if it had considered the relevant factors under R.C. 2929.12.

{¶21} Contrary to Davis' assertion, the record demonstrates that the trial court did apply the appropriate factors under R.C. 2929.12, and that its application of those factors in sentencing Davis was not unreasonable, arbitrary, or unconscionable. Although Davis points to several of the factors that were not pertinent to his offense, the trial court considered many of the other factors that were relevant and discussed those findings at the hearing. Some of the germane sections of the statute are: "[t]he offender committed the offense for hire or as a part of an organized criminal activity." R.C. 2929.12(B)(7); "the offender has a history of criminal convictions." R.C. 2929.12(D)(2); "the offender has not responded favorably to sanctions previously imposed for criminal convictions." R.C. 2929.12(D)(3); and "[t]he offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense * * *." R.C. 2929.12(D)(4).

**{¶22}** The trial court also discussed at length how serious it considered trafficking in drugs to be and the resulting detrimental effect on society. Although there wasn't one specific victim named in this offense, the trial court discussed how drug trafficking victimized many people. The trial court also felt that the fact that Davis had been recently released from prison for an identical offense was a strong indicator that he had not responded favorably to previous sanctions and that the risk of recidivism was high. The court did not find Davis' claims of remorse and his intentions to change to be credible, stating:

> **Mr. Davis, I just don't understand. You've got a woman and a baby down in Georgia. You get out of prison for doing this and rather than go down there, * * * instead, you're up here doing this and partying. Nah, don't tell me that you want to be with your son when you're trafficking in drugs and living the partying life * * *. You chose between being a drug pusher up here over being down with your child and your woman down in Georgia.**

(Transcript, pp. 42-43.)

**{¶23}** The trial court's decision sentencing Davis to maximum, consecutive sentences was not contrary to law, nor did the court abuse its discretion in its consideration of the R.C. 2929.12 factors. Davis' assignment of error is overruled.

{¶24} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur in Judgment Only.**

**/jlr**