[Cite as *State v. Holbrook*, 2013-Ohio-3786.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  2-13-06

    v.

JAMIE B. HOLBROOK,                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2012-CR-65

**Judgment Affirmed**

Date of Decision:   September 3, 2013

APPEARANCES:

    *Gerald F. Siesel*  for Appellant

    *Edwin A. Pierce*  for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Jamie B. Holbrook, appeals the Auglaize County Court of Common Pleas' judgment entry of sentence. We affirm.

{¶2} On March 16, 2012, the Auglaize County Grand Jury indicted Holbrook on nine counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)(B)(3), third-degree felonies, stemming from separate incidents with two female victims over the course of several months. (Doc. No. 1).

{¶3} On May 1, 2012, Holbrook filed a written plea of not guilty. (Doc. No. 20).

{¶4} On November 1, 2012, Holbrook pled guilty to Counts One, Eight, and Nine of the indictment. (Nov. 1, 2012 Tr. at 15-16); (Doc. No. 38). Pursuant to the parties' written plea agreement, the State dismissed the remaining counts. (*Id.*); (*Id.*). The State alleged that Count One charged Holbrook of engaging in sexual conduct—in particular fellatio—with a female victim (15 years old), and Counts Eight and Nine charged Holbrook of engaging in sexual conduct—specifically, vaginal intercourse—with a female victim (13 years old). (Nov. 1, 2012 Tr. at 16-17). The defense requested a pre-sentence investigation ("PSI") report, which the State did not oppose pursuant to the plea agreement, and which the trial court ordered. (*Id.* at 18-21); (Doc. Nos. 38, 42).

{¶5} On January 16, 2013, the trial court held a combined sexual offender classification/sentencing hearing. The trial court classified Holbrook as a Tier II Sexual Predator. (Jan. 16, 2013 Tr. at 5). Thereafter, the trial court sentenced Holbrook to 60 months imprisonment on Count One, 60 months imprisonment on Count Eight, and 54 months imprisonment on Count Nine. (*Id.* at 17). The trial court further ordered that Holbrook serve the terms consecutive to each other for an aggregate sentence of 174 months imprisonment. (*Id.* at 18). The trial court filed its judgment entry of sentence that same day. (Doc. No. 48).

{¶6} On February 14, 2013, Holbrook filed a notice of appeal. (Doc. No. 62). Holbrook now raises the following assignment of error:

**Assignment of Error**

**The trial court's sentence of consecutive prison terms for unlawful sexual conduct with a minor consisting of 60 months for Count One, 60 months for Count Eight, and 54 months for Count Nine of the indictment for a combined total of 174 months was contrary to law and constituted an abuse of discretion in failing to properly consider and apply the felony sentencing guidelines set forth in Ohio Revised Code, Section 2929.11 and 2929.12.**

{¶7} In his sole assignment of error, Holbrook argues that the record is unclear whether the trial court considered R.C. 2929.11 and 2929.12 at the sentencing hearing, and the trial court failed to reference specific criteria under the sentencing guidelines. He further argues that, had the trial court properly

considered the sentencing factors, it would not have sentenced him to consecutive terms of imprisonment totaling 174 months.

{¶8} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. Butler No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Allen Nos. 1-04-38 and 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶9} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the

victims.'" *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶10} A trial court must consider R.C. 2929.11 and 2929.12 when sentencing an offender. *State v. Pence*, 3d Dist. Auglaize No. 2-11-18, 2012-Ohio-1794, ¶ 9. However, the trial court is not required to use specific language regarding its consideration of the seriousness and recidivism factors. *State v. Smith*, 3d Dist. Auglaize No. 2-06-37, 2007-Ohio-3129, ¶ 26, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. *See also State v. Arnett*, 88 Ohio St.3d 208, 215 (2000) and *State v. Snyder*, 3d Dist. Seneca No. 13-12-38, 2013-Ohio-2046, ¶ 25. Further, there is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria. *Smith* at ¶ 26, citing *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995).

{¶11} R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences. *State v. Rust*, 3d Dist. Marion No. 9-12-49, 2013-Ohio-2151, ¶ 13, citing *State v. Bentley*, 3d Dist. Marion No. 9-12-31, 2013-Ohio-852, ¶ 11. Although R.C. 2929.14(C)(4) requires the trial court to make findings before imposing a consecutive sentence, the statute does not require the trial court to give its reasons for imposing the sentence. *Id.* at ¶ 14 (citations omitted).

**{¶12}** At the hearing, the State and defense counsel made statements to the trial court outlining the different factors it should consider in sentencing Holbrook. (Jan. 16, 2013 Tr. at 7-8). The trial court inquired into the nature of the sexual offenses, including the age of the victims, and Holbrook's previous sexual offense against his wife's nine-year-old sister. (*Id.* at 14-15). Thereafter, the trial court stated:

> After consideration of the information provided to the Court by the parties and the PreSentence Investigation, the Court SENTENCES THE DEFENDANT AS FOLLOWS * * *. THE COURT FINDS THAT CONSECUTIVE SERVICE IS NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIME AND TO PUNISH THE OFFENDER AND THAT CONSECUTIVE SENTENCES ARE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF THE OFFENDER'S CONDUCT AND THE DANGER THE OFFENDER POSES TO THE PUBLIC. AND THE COURT ALSO FINDS THAT CONSECUTIVE SENTENCES ARE NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIMES BY THE OFFENDER. (*Id.* at 17-18).

In its judgment entry of sentence, the trial court stated that it considered R.C. 2929.11 and 2929.12 in rendering its sentence. (Jan. 16, 2013 JE, Doc. No. 48).

Based upon the foregoing, we are not persuaded that the trial court failed to consider the applicable sentencing statutes.

{¶13} Next, Holbrook argues that, had the trial court properly considered the statutory factors, it would not have sentenced him to consecutive sentences totaling 174 months imprisonment. We disagree. Holbrook was originally indicted on nine counts of unlawful sexual conduct with a minor involving two victims over the course of several months. Each count carried a potential sixty-month term of imprisonment (R.C. 2929.14(A)(3)(a)) for an aggregate potential of 540 months imprisonment. Holbrook, however, pled guilty and was sentenced on only three of those nine counts, thereby reducing his potential sentence to 180 months. Holbrook's criminal record was extensive, including a previous sexual offense against a nine-year-old, several probation violations, passing bad checks, receiving stolen property, and felony theft, to name a few. (PSI). The sexual offenses in this case occurred just shortly after Holbrook finished his mandatory post-release control from another case. (Jan. 16, 2013 Tr. at 10). (*See* R.C. 2929.12(D)(1)). The first victim in this case, like his previous victim, was a fifteen-year-old relative who functioned with the mental capacity/maturity of a nine-year-old. (PSI). (*See* R.C. 2929.12(B)(6)). This first victim alleged that Holbrook had forced her to have vaginal and anal sex an estimated thirteen times. (PSI). The second victim, the thirteen-year-old cousin of the first victim, alleged

that Holbrook "raped" her approximately 30 times over a one-year period. (*Id.*). Holbrook denied ever forcing the girls to have sex; instead, he alleged that they asked him for sex. (*Id.*). Holbrook minimized his criminal behavior and blamed it on his failure to take his medications. (*Id.*).

{¶14} Upon review of the entire record, we are not persuaded that the trial court should have imposed a lesser, i.e. concurrent, sentence in this case.

{¶15} Holbrook's assignment of error is, therefore, overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**