[Cite as *State v. Davis* , 2016-Ohio-7347.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 2-16-09

    v.

JAMARCUS TERRELL DAVIS,              O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Auglaize County Common Pleas Court
Trial Court No. 2015-CR-151

Judgment Affirmed

Date of Decision: October 17, 2016


APPEARANCES:

    *Rob C. Wiesenmayer* **for Appellant**

    *Benjamin R. Elder* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Jamarcus Terrell Davis, appeals the judgment of the Court of Common Pleas of Auglaize County convicting him of possession of heroin, attempted possession of having a weapon while under a disability, and illegal conveyance of cocaine into a jail and sentencing him to a total of 66 months in prison. On appeal, Davis argues that the trial court erred in failing to consider and apply the felony sentencing guidelines and sentencing him to a total prison term that exceeded the maximum prison term allowed for the most serious offense of which he was convicted. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On December 17, 2015, the Auglaize County Grand Jury returned a five-count indictment against Davis charging him with one count of complicity to trafficking in heroin in violation of R.C. 2923.03(A)(2) and 2925.03(A)(2), (C)(6)(e), a felony of the fourth degree; one count of possession of heroin in violation of R.C. 2925.11(A), (C)(6)(b), a felony of the fourth degree; one count of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree; one count of having a weapon while under disability in violation of R.C. 2923.13(A)(2), a felony of the fourth degree; and one count of illegal conveyance of cocaine into a jail in violation of R.C. 2921.36(A)(2), a felony of the third degree. Davis entered pleas of not guilty to all charges.

{¶3} After a period of plea negotiations, an agreement was reached whereby Davis agreed to enter a plea of guilty to one count of possession of heroin in violation of R.C. 2925.11(A), (C)(6)(b), a felony of the fourth degree; one count of attempted having a weapon while under a disability in violation of R.C. 2923.02 and 2923.13(A)(2), a felony of the fourth degree; and one count of illegal conveyance of cocaine into a jail in violation of R.C. 2921.36(A)(2), a felony of the third degree, in exchange for the State's dismissal of the remaining charges and a recommendation that Davis be sentenced to a total of 59 months in prison.

{¶4} At the change of plea hearing, the State explained the facts underlying the charges:

> On December 9th of 2015, the St. Marys Police Department received a call from the manager at America's Best Value Inn located there is St. Marys, Auglaize County, State of Ohio, and reported that an individual identified as Alisha Hashman had rented room 231 and had been there for a couple of days and had just paid for a third day and that the management had noticed between five (5) and six (6) cars would pull up and go into room 231 and then leave after a very short period of time. This is the only room rented in this particular building at the time. Upon learning this information, Task Force set up observation on December 10th and observed Justin Yates and Alisha Hashman sitting in a silver Acura parked in front of room 231. The hotel had identified the Acura as being associated with the room. [Davis] was seen exiting room 231 and appeared to check the door to ensure that it was locked. The three (3) then got in the Acura and drove down to Dayton. The Task Force followed them to Dayton to an exit, Needmore Road, where they entered an apartment complex; were there for four (4) or (5) minutes then exited and returned heading northbound on 75. At one point shortly thereafter they turned around and went back to the apartment off Needmore Road for another five (5) or six (6) minutes roughly, then turned around and came back

north on 75 returning into Auglaize County. The driver, at that time, was Alisha Hashman. She was under suspension and a stop was conducted of the vehicle at U.S. 33 and County Road 33 in Moulton Township, Auglaize County. The State of Ohio officers identified a strong odor of marijuana coming from the vehicle and the occupants were removed from the vehicle and patted down for the officers' safety. While the officers were conducting a pat down of [Davis], a grey powdery substance in a baggie fell out of his pant leg, which was later identified as 3.78 grams of heroin as tested by the Bureau, or BCI&I. Once the baggie fell out of his pants, he was then taken to the jail and interviewed; was asked if he had anything else on him at which point he did not represent anything about the cocaine. Once he was in the intake area, he was again searched and a baggie - another baggie fell out of his pant leg which was found to be cocaine, weighing 0.84 grams. A search was conducted pursuant to a search warrant of the hotel room, room 231, there in St. Marys at the America's Best Value Inn. During that search, officers found a Uzi submachine gun 9 mm weapon with ammunition in a red bag. Inside the bag was a receipt from Verizon in the name of [Davis]. That weapon was tested by BCI&I and found to be operable in both the semi and fully automatic modes.

Feb. 29, 2016 Hrg., p. 20-22. Davis then admitted that he sold a few thousand dollars' worth of drugs per week and had purchased the gun from an affiliate of "the Bloods" for his and his family's protection.

{¶5} A subsequent pre-sentence investigation report detailed Davis's lengthy criminal history, including multiple juvenile convictions, multiple misdemeanor convictions, and one felony conviction. It also noted a ORAS-PIT score of "high risk."[1]

---

[1] This is an assessment designed to predict an offender's likelihood of recidivism.

{¶6} A few months later, a sentencing hearing was held, where the trial court engaged in a lengthy colloquy with Davis about his criminal history. Then it stated,

> After consideration of the information provided to the Court by the parties, the [p]resentence [i]nvestigation, purposes and principles of felony sentencing under Section 2929.11 and the criteria set forth in Chapter 2929 of the Revised Code, noting [Davis's] ORAS score of very high range specifically being thirty four [sic] (34), noting [Davis's] prior repeat violence of, - offenses of violence, and noting the nature of the weapon being a [sic] automatic capable machine gun fully operable, the Court SENTENCES [Davis] as follows: as to COUNT II, POSSESSION OF HEROIN, a felony in the fourth degree, EIGHTEEN (18) MONTHS IN THE DEPARTMENT OF REHABILITATION AND CORRECTIONS * * *; as to AMENDED COUNT IV, ATTEMPTED POSSESSION OF A WEAPON UNDER DISABILITY, a felony of the fourth degree, EIGHTEEN (18) MONTHS; and as to COUNT V, A CHARGE OF ILLEGAL CONVEYANCE OF DRUGS INTO A JAIL, a felony of the third degree, THIRTY (30) MONTHS.

May 13, 2016 Hrg., p. 20-21.

{¶7} The Court further stated

> that consecutive service is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and * * * that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id*. at p. 21.

{¶8} The trial court memorialized its decision by entry dated May 16, 2015. In its entry, it reiterated

that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and * * * the offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender.

(Docket No. 70, p. 2).

{¶9} It is from this judgment that Davis appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT COMMITTED ERROR TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT/APPELLANT IN ENTERING CONVICTIONS AND IMPOSING CONSECUTIVE SENTENCES [SIC] WAS [SIC] CONTRARY TO LAW AND FURTHER CONSTITUTED AN ABUSE OF DISCRETION IN FAILING TO PROPERLY CONSIDER AND APPLY THE FELONY SENTENCING GUIDELINES SET FORTH IN OHIO REVISED CODE, SECTION 2929.22 AND 2929.12.**

### Assignment of Error No. II

**THE TRIAL COURT'S SENTENCE OF THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES THAT EXCEED THE MAXIMUM PRISON TERM ALLOWED FOR THE MOST SERIOUS OFFENSE OF WHICH DEFENDANT WAS CONVICTED [R.C. 2921.36(A)(2)].**

{¶10} Due to the nature of Davis's assignments of error, we elect to address them together.

*Assignments of Error Nos. I & II*

**{¶11}** In his first and second assignments of error, Davis argues that the trial court erred in failing to consider the purposes and principles of sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. Specifically, Davis argues that those purposes, principles, and factors, do not support "imposing a consecutive sentence including the maximum sentence for [possession of heroin] and [attempted having a weapon while under a disability] * * *." Appellant's Brief, p. 11. Davis further argues that the trial court erred in imposing a total prison term that exceeded 36 months, the maximum prison term for a third-degree felony. We disagree.

**{¶12}** "A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law." *State v. Barrera*, 3d Dist. Putnam No. 12-12-01, 2012-Ohio-3196, ¶ 20. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶13}** R.C. 2929.11(A) provides, "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions

that the court determines accomplish those purposes * * *." "In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism." *State v. Davis*, 3d Dist. Auglaize No. 2–11–06, 2011-Ohio-5441, ¶ 14, citing R.C. 2929.12(A)-(D). "[I]n addition, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing." R.C. 2929.12(A).

{¶14} "However, the trial court is not required to use specific language regarding its consideration of the seriousness and recidivism factors." *State v. Holbrook*, 3d Dist. Auglaize No. 2-13-06, 2013-Ohio-3786, ¶ 10, citing *State v. Smith*, 3d Dist. Auglaize No. 2–06–37, 2007–Ohio–3129, ¶ 26. There is also no requirement in R.C. 2929.12 that the trial court state on the record that it has considered those factors. *Smith* at ¶ 26, citing *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995).

{¶15} Furthermore, if multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds:

> that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

\* \* \*

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(c).

**{¶16}** If a court imposes consecutive sentences, it "is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. "The court should also include its statutory findings in the sentencing entry because a court speaks through its journal." *State v. Noble*, 3d Dist. Logan No. 9-14-06, 2014-Ohio-5485, ¶ 13, citing *Bonnell* at ¶ 29. However, the court need neither state its reasoning to support its findings nor must it provide a 'talismanic incantation' of R.C. 2929.14(C)(4). *Bonnell* at ¶ 37.

**{¶17}** Here, Davis argues that the "offenses were not the most serious form of the offenses for which he was convicted, and therefore, the imposition of maximum, consecutive sentences of imprisonment is not supported by the record." Appellant's Brief, p. 10. Specifically, he argues that the factors listed in R.C. 2929.12(B) weigh in favor of a lesser sentence. He explains,

> The offense committed herein did not cause physical injury to any victim. No victim suffered any demonstrated or documented psychological harm as a result of the offense. The offender did not have an occupation, elected office or profession which facilitated him in the commission of the offenses. The offender's personal reputation or occupation was not used to facilitate the commission of the offense.

> Also, the record would suggest that [he] did not have any significant financial gain as a result of his actions in this matter.

*Id.*

{¶18} While some of these factors may weigh in Davis's favor, the trial court was allowed to consider other relevant factors, such as Davis's lengthy criminal history and the type of weapon used in the commission of the offense. R.C. 2929.12(A)-(D). After stating that it had considered all of this information, the trial court sentenced Davis to prison terms within the statutory ranges and made the appropriate consecutive sentence findings under R.C. 2929.14(C)(4).

{¶19} Davis also argues that the trial court erred in imposing a total prison term that exceeded the maximum prison term for a third-degree felony, the most serious offense of which he was convicted. In support, he cites R.C. 2953.08(C)(1), which provides,

> [A] defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (C)(3) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. * * *

{¶20} However, R.C. 2953.08(C)(1) applies only where consecutive sentences are imposed under R.C. 2929.14(C)(3). R.C. 2929.14(C)(3) mandates consecutive sentences in limited cases involving violations of R.C. 2911.01 (aggravated robbery), 2913.02 (theft), and 2921.331 (failure to comply). Davis was

-10-

not convicted of any of these offenses, and therefore, R.C. 2953.08(C)(1) is inapplicable.

**{¶21}** Considering the trial court considered the appropriate statutes, made the appropriate findings, and there was evidence in the record to support its findings, Davis has failed to prove by clear and convincing evidence that his sentence is unsupported by the record or otherwise contrary to law.

**{¶22}** Accordingly, we overrule Davis's first and second assignments of error.

**{¶23}** Having found no error prejudicial to the Davis, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**