[Cite as *State v. Finnell*, 2018-Ohio-564.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160815 |
| | | TRIAL NOS. B-1305265-B |
| Plaintiff-Appellee, | : | B-1306715 |
| vs. | : | |
| KYLE FINNELL, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Vacated in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  February 14, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} Kyle Finnell appeals the judgment of the Hamilton County Court of Common Pleas denying his motion to disclose juror information under seal and denying his motion for a new trial. In his second assignment of error, Finnell argues that defense counsel was ineffective for failing to articulate to the court that he was entitled to the juror information under Evid.R. 606(B) because the jurors were allowed to testify regarding any threats or attempted threats. We agree, and we reverse the trial court's judgment denying the motion to disclose juror information and remand the cause with instructions to the trial court to release the juror information under seal. The judgment on the motion for a new trial is vacated.

### Background Facts

{¶2} In June 2014, Kyle Finnell was convicted, after a jury trial, of aggravated burglary with a firearm specification, burglary, aggravated robbery with firearm specifications, robbery, kidnapping, two counts of having weapons while under a disability and intimidation of a witness.

{¶3} Before sentencing, Finnell filed a motion for a new trial under Crim.R. 33 alleging that two of the jurors committed misconduct by failing to immediately report to the court that they believed Finnell had followed them after the first day of deliberations in an attempt to intimidate them. Under Crim.R. 33, a new trial may be granted when juror misconduct materially affected the defendant's substantial rights. Crim.R. 33(A)(2). Allegations of juror misconduct "must be sustained by affidavit showing their truth, and may be controverted by affidavit." Crim.R. 33(C).

{¶4} Finnell moved the court for a new trial because the perceived intimidation may have biased the jurors during deliberations. According to the motion, the jurors did not inform the bailiff of the intimidating contact until after the

verdict had been recorded, and this prevented the trial court from conducting a hearing to determine the contact's potential impact on the jurors' ability to perform their duty impartially. *See Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954) (holding that a trial court must conduct a hearing when any improper contact occurs with a juror during a criminal trial to determine the circumstances and the impact on the juror).

{¶5} Although the judge had recused himself from hearing the motion for a new trial, he conducted a hearing on the motion prior to sentencing Finnell. During the hearing, the parties and the court discussed the off-record conversation that some jurors had had with the court's bailiff after the delivery of the verdict. The discussion indicates that the jurors had encountered the defendant outside the courthouse after deliberations one afternoon. After the jurors reported their concerns to the bailiff, the trial judge spoke with them and then later informed defense counsel of his communication with the jurors.

{¶6} Based on the information from the trial judge, defense counsel characterized the jurors' encounter as a perceived threat of intimidation that was not reported until after the rendering of the verdict. Finnel and the state then stipulated to the following: "That there was no communication regarding any issues of intimidation toward jury members prior to the rendering of the verdict." The trial court overruled the motion for a new trial after concluding that Evid.R. 606(B) prohibited the jurors from testifying about the contact because no outside evidence of the contact was submitted by Finnell.

{¶7} In relevant part, Evid.R. 606(B) states,

A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court.

Therefore, if there is evidence of a threat or an attempted threat, no outside evidence of the threat is required to be presented before a juror may testify.

{¶8} On appeal, we concluded that the trial court had erroneously ruled on the motion for a new trial after the judge had recused himself. *State v. Finnell*, 1st Dist. Hamilton Nos. C-140547 and C-140548, 2015-Ohio-4842, ¶ 47. We vacated the order and remanded the cause for a new hearing on the motion. *Id.* at ¶ 77. Upon remand, the case was reassigned to another judge.

### *Proceeding upon Remand*

{¶9} Substitute counsel for Finnell filed a motion to "Disclose Juror Information" asking the trial court to disclose juror contact information under seal to enable Finnell to secure their testimony for the hearing on the motion for a new trial. In the motion, Finnell's counsel argued that the jurors were permitted to testify under Evid.R. 606(B) because "a juror may testify without the presentation of any outside evidence concerning any threat * * *."

{¶10} But, significantly, at the hearing on the motion, Finnell's counsel did not argue that the jurors could testify under Evid.R. 606(B) because of the issues of intimidation, and counsel did not inform the trial court that the state had stipulated

previously to the issues of juror intimidation. Instead, counsel argued that Evid.R. 606(B) permitted jurors to testify on the question of whether extraneous prejudicial information was improperly brought to the jury's attention. Counsel continued that she also had outside information from the bailiff who had spoken with the jurors, and she would present this evidence during the hearing on the motion for a new trial. The state argued the testimony from the bailiff would not be firsthand information because the bailiff did not see what happened outside of the courthouse. And because there was no outside evidence, disclosure of the jurors' contact information was not justified under Evid.R. 606(B).

{¶11} The trial court denied the motion for a new trial because the record contained no "independent evidence that would allow the court to grant the motion."

{¶12} After the motion for the juror information was denied, the trial court conducted the hearing on the motion for a new trial. Finnell testified that as he was leaving the courthouse, he was standing in the small area by the side door waiting for someone with a security badge to open the door. At the time, he was talking on the phone. When the door was opened, he walked to the front of the courthouse, and waited for his ride. He did not remember seeing any jurors while he was talking on the phone or waiting for his ride home. He further testified that he did not attempt to intimidate, influence, or threaten any of the jurors during the trial. No other evidence was submitted to the court.

{¶13} Finnell argued that the court should grant the motion for a new trial because there was a question as to whether the jury was fair and impartial during deliberations due to the perceived intimidation. Additionally, the jurors had committed misconduct by failing to report the contact to the trial court immediately.

5

The state argued that the motion should be denied because there was no evidence that the jurors were intimidated or threatened.

{¶14} The trial court denied the motion because Finnell failed to submit any evidence or affidavits demonstrating juror misconduct as required by Crim.R. 33(C).

{¶15} Finnell appeals raising two assignments of error.

### *Ineffective Assistance of Counsel*

{¶16} We address the assignments of error out of order because Finnell's second assignment of error is dispositive. In his second assignment of error, Finnell argues that his trial counsel was ineffective, in violation of his constitutional rights. Finnell contends counsel failed to explain to the court that the jurors were competent to testify in support of his motion for a new trial on the issue of a perceived threat or attempted threat that affected their deliberations, without any outside evidence in support, as provided by the exception under Evid.R. 606(B), and therefore, he was entitled to the juror information under seal. We agree.

{¶17} To establish a claim for ineffective assistance of counsel, the defendant has the burden of demonstrating that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) there is a reasonable probability that the result of the proceeding would have been different had defense counsel provided proper representation. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶18} The record in this case suggested that some jurors had perceived potential intimidation by the defendant. Importantly, at the first hearing on the motion for a new trial the parties stipulated to the existence of issues of juror intimidation. However, following our remand and reassignment to a different judge,

6

at the hearing on the motion to disclose juror information, substitute counsel failed to inform the trial court of the stipulation or argue that the stipulation allowed the jurors to testify under the exception in Evid.R. 606(B) without outside evidence in support. Under these facts, counsel's failure to argue that the jurors could be competent to testify in support of the new trial motion was deficient.

{¶19} Moreover, the failure prejudiced Finnell. Had counsel presented the proper argument, there is a reasonable probability that the court would have granted the motion and disclosed the juror contact information under seal so that Finnell could secure the jurors' testimony in support of his motion for a new trial. Therefore, Finnell's second assignment of error is well-taken, and his first assignment of error, which argued that the trial court erred in denying both motions, is rendered moot.

### Conclusion

{¶20} Accordingly, we sustain the second assignment of error. The judgment of the trial court denying the motion to disclose juror information is reversed, and the order denying the motion for a new trial is vacated. We remand the cause with instructions to the trial court to release the juror information under seal and for further proceedings consistent with this opinion and the law.

Judgment accordingly.

**CUNNINGHAM, P.J.,** and **DETERS, J.,** concur.

Please note:
    The court has recorded its own entry this date.