[Cite as *State v. Ward*, 2021-Ohio-1930.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

       CASE NO. 1-20-08

    PLAINTIFF-APPELLEE,

    v.

AVERY E. WARD,          **O P I N I O N**

    DEFENDANT-APPELLANT.

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR2018 0522**

**Judgment Affirmed**

**Date of Decision:  June 7, 2021**

---

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Avery E. Ward ("Ward") brings this appeal from the judgment of the Court of Common Pleas of Allen County accepting the jury verdict of guilty to one count of rape and one count of felonious assault and sentencing him to prison. On appeal, Ward challenges the sentences imposed and claims he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 17, 2019, the Allen County Grand Jury indicted Ward on one count of Rape in violation of R.C. 2907.02(A)(1)(b), 2907.02(B), a felony of the first degree, and one count of felonious assault in violation of R.C. 2903.11(B)(3), 2903.11(D)(1)(a), a felony of the second degree. Doc. 4. These charges were based on allegations that Ward engaged in sexual conduct with a nine-year-old victim by force and that he knew he was HIV positive at that time. *Id*. Ward entered pleas of not guilty to both counts. Doc. 11. A jury trial was held on December 2 and 3, 2019. Doc. 163. At the conclusion of the trial, the jury returned verdicts of guilty as to both counts and found that Ward had compelled the victim to submit through the use of force. Doc. 160-161. The trial court entered a judgment entry of conviction on December 4, 2019, and ordered a pre-sentence investigation ("PSI") be completed prior to sentencing. Doc. 163.

{¶3} On January 15, 2020, the trial court held a sentencing hearing. Doc. 171. At the hearing the trial court determined that the offenses did not merge. *Id*.

The trial court then sentenced Ward to a prison term of life without the possibility of parole for the rape conviction and eight years in prison for the felonious assault conviction. *Id.* The trial court also ordered the sentences to be served consecutively and made the necessary findings. *Id.* Ward appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**Should the trial court have merged convictions for rape and felonious assault where they were committed by the same conduct and with the same animus, and result in no separate identifiable harm?**

### Second Assignment of Error

**[Ward] was deprived of his right to the effective assistance of counsel under the federal and state constitutions when counsel conceded that felonious assault did not merge with rape.**

### Third Assignment of Error

**The trial court erred by imposing consecutive sentences based on findings that are not supported by the record.**

### Fourth Assignment of Error

**By clear and convincing evidence, the record does not support the imposition of a maximum term of life without parole.**

*Merger of Convictions*

{¶4} In the first assignment of error, Ward claims that his convictions should have merged as they were committed by the same conduct, with the same animus, and no separate, identifiable harm. "Whether offenses are allied offenses of similar

Case No. 1-20-08

import is a question of law that this court reviews de novo." *State v. Cartlidge*, 3d

Dist. Seneca No. 13-18-33, 2019-Ohio-1283, ¶ 26.  The most recent test for merger

of multiple offenses was set forth by the Ohio Supreme Court in the case of *State v.*

*Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892.  In *Ruff*, the defendant

was convicted of rape, aggravated burglary, attempted rape, and sexual battery of a

minor.  *Id*. at ¶ 2.  The issue before the Court was whether the rape and aggravated

burglary charges should have merged.  *Id*.  When discussing the issue of merger, the

Court held as follows.

> **When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses.  R.C. 2941.25(B).**
>
> **A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant.  In other words, how were the offenses committed?  If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses:  (1) the offenses are dissimilar in import or significance – in other words, each offenses caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.**
>
> **At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import.  When a defendant's conduct victimizes more than one person, the harm**

**for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.**

**\* \* \***

**Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.**

**As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.**

*Id*. at ¶ 24-26, 30-31. The Court reversed the judgment of the appellate court and

remanded the matter to the appellate court for consideration of whether the import

of the aggravated burglary and the import of the rape were similar or similar in each

of the events. *Id*. at 29.

{¶5} Here, Ward was convicted of raping a child under the age of thirteen and of doing so after he knew he tested positive for HIV. To prove the rape, the State was required to prove that Ward engaged in sexual conduct with one who was not his spouse and who was under the age of thirteen. R.C. 2907.02(A)(1)(b). To prove the felonious assault, the State was required to prove that Ward , knowing that he had tested positive for HIV, knowingly engaged in sexual conduct with a person under the age of 18.[1] R.C. 2903.11(B)(3). The facts of this case were that Ward engaged in anal intercourse with a nine-year-old victim after he knew he was positive for HIV. Thus he did engage in sexual conduct with a child who could not give consent due to the child's age, which supports the rape conviction. He did this conduct knowing he was HIV positive which supports the felonious assault conviction. The only question is whether the convictions should merge.

{¶6} When looking at the factors set forth in *Ruff*, there is no dispute that the two offenses stemmed from one act and were not committed separately. The only difference between the two offenses in this case was Ward's status as being HIV positive, which is not a separate act. The act itself was the sexual conduct with a child.

{¶7} The next question is whether the acts were committed with a separate animus or motivation. Both the state and counsel for Ward agreed that these

---

[1] The statute does not differentiate between "protected" sexual conduct and "unprotected" sexual conduct and the issue of consent is irrelevant if the victim is under the age of 18.

offenses had a separate animus. A separate animus means that the defendant had a separate intent to commit both offenses. *See Black's Law Dictionary* (11th Ed.2019). "Where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, *a priori*, commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime." *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979).[2] Since animus is frequently difficult to prove directly, a court must infer it from the surrounding circumstances by looking to see whether the defendant's course of conduct indicated distinct purposes. *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-564, ¶ 132, 108 N.E.3d 564. A review of the course of conduct in this case does not indicate that there were distinct courses of conduct or purposes. The evidence appears to indicate that Ward's purpose was to engage in sexual conduct and gave no consideration to his status as being HIV positive. Thus, there was no separate animus.

{¶8} This leads this Court to the third question – whether the offenses were dissimilar in import. Offenses are considered to be of dissimilar import when the harm that results is separate and identifiable. *State v. Rhoads*, 3d Dist. Hardin No. 6-18-02, 2018-Ohio-2620, ¶ 12. In this case, the harm that could result from sexual

---

[2] "Although the 'two-step' analysis prescribed by the Supreme Court of Ohio in *Logan* has been overruled, the court's discussion of animus remains relevant under the current tripart test prescribed in *Ruff*." *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-564, FN 2, 108 N.E.3d 564.

conduct with a minor under the age of 13 has considerable psychological and certain potential physical ramifications. However, that sexual conduct when one knows they are HIV positive implicates a new category of concerns in that it may result in an incurable disease that the victim will be forced to deal with during the victim's lifetime and could result in the victim's death. It can also necessitate that the victim be on medication for the victim's lifetime at great expense. The harm caused by the felonious assault in this case was separate and identifiable from the harm caused by the rape. Thus, the offenses were of dissimilar import and do not merge for the purposes of sentencing. The first assignment of error is overruled.

*Ineffective Assistance of Counsel*

{¶9} Ward claims in the second assignment of error that his counsel was ineffective for conceding that a separate animus existed for the two offenses.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."** *State v. Hester* **(1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."** *State v. Lytle* **(1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**

> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.** *See Vaughn v. Maxwell* **(1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson***, 64 Ohio St.2d [107] at 110–111, 18 O.O.3d [348] at 351, 413 N.E.2d [819] at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20. "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶10} As discussed above, there was no separate animus pursuant to the facts of this case. Trial counsel did make an error in agreeing that there was. However, despite the fact that there was no separate animus, the offenses were of dissimilar import and were not subject to merger. As a result, Ward did not suffer any prejudice from the error of counsel. The failure to show prejudice defeats Ward's

claim of ineffective assistance of counsel. The second assignment of error is overruled.

*Consecutive Sentences*

{¶11} In the third assignment of error, Ward claims that the trial court erred by imposing consecutive sentences because the findings are not supported by the record. To impose consecutive sentences, a trial court is required to make certain findings on the record. R.C. 2929.14(C)(4).

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). If the findings made by the trial court are supported by the record, an appellate court will not reverse them on appeal. *State v. Peddicord*, 3d Dist. Henry No. 7-13-12, 2014-Ohio-2849, ¶ 6.

{¶12} Here, Ward claims that the trial court erred in imposing consecutive sentences because the trial court based its decision on the fact that the victim would have to repeatedly tell the victim's story to law enforcement personnel and in court. Ward claims that this does not make the offense any worse because it is just part of the process. If this was the sole reason for the trial court imposing consecutive sentences, this court might be inclined to agree, but it was not. Additionally, the record shows that the victim suffered extreme psychological harm not only from the rape, but also from having to live with the fear of a potential HIV infection which requires the victim to attend regular doctor's visits and take medication in an effort to avoid becoming HIV positive. The record shows that the victim suffers from great fear of dying because the victim may have contracted this illness. This fear is different from the normal psychological fear suffered by a rape victim.

In its judgment entry, the trial court made the following findings.

> **The Court has decided that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the Court finds that the consecutive service is necessary to protect the public from future crime, as well as to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the Court also finds the following:**

> **At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

Doc. 171. Ward has failed to show by clear and convincing evidence that the findings of the trial court were not supported by the record. As discussed above, the record before this court shows that there was competent, credible evidence to support the findings of the trial court regarding the unusual harm. Therefore, the third assignment of error is overruled.

*Maximum Sentence*

{¶13} Ward's final assignment of error raises the issue of the imposition of the maximum sentence on the rape charge. Ward argues that the sentencing factors set forth in R.C. 2929.11 and 2929.12 do not support the sentence imposed by the trial court. Recently, the Ohio Supreme Court has clarified the role of an appellate court in reviewing the sentencing factors set forth in R.C. 2929.11 and 2929.12. *State v. Jones*, ___ Ohio St.3d ___, 2020-Ohio-6729, ___ N.E.3d ___.

> **The Supreme Court of Ohio determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision."** *Id*. **at ¶ 31. Thus, the Supreme Court of Ohio concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C.**

> **2929.12. *Id*. at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").**
>
> **In *Jones*, the Supreme Court of Ohio also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id*. at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id*. citing *State v. Brown*, 2d Dist. No. 2016-CA-53, 99 N.E.3d 1135, 2017-Ohio-8416, ¶ 74; see *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 65.**

*State v. Denoyer,* 3d Dist. Allen No. 1-20-34, 2021-Ohio-886, ¶ 28-29.

{¶14} A review of the record in this case shows that the trial court did consider the statutory factors set forth in R.C. 2929.11 and 2929.12. The sentences imposed for each of the offenses was within the statutory range. *See* R.C. 2929.14. Thus, Ward cannot show that this sentence is clearly and convincingly contrary to law and his sentence must be affirmed. *See State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60 (holding that the court could not review the sentence to

determine whether they were excessive or not supported by the record).  The fourth assignment of error is overruled.

{¶15} Having found no error prejudicial to Appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Allen County is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, J., concurs.**

**SHAW, J., concurring separately.**

{¶16} I concur in the judgment of the majority and in the final disposition of the Assignments of Error. However, with regard to the issue of merger discussed under the First Assignment of Error, I respectfully disagree with the conclusion reached by the majority that the two offenses in this case constitute the same conduct and the same animus.

{¶17} At paragraph 6 of their opinion, the majority concludes that the only "conduct" in this case was the sexual conduct with a child, and that the only distinguishing feature of the felonious assault was Ward's *status* as HIV positive during the sexual conduct.  However, it is not merely Ward's *status* as HIV positive that constitutes the conduct underlying the Felonious Assault offense. The distinct and separate "conduct" constituting the Felonious Assault offense in this case is the *knowing decision or choice* by Ward *to proceed with the sexual conduct with full awareness of his HIV status.*

{¶18} Similarly, at paragraph 7 of their opinion, the majority concludes that the only animus or purpose Ward had in this case was to commit the sexual conduct because at that moment he allegedly "gave no consideration to his status as being HIV positive." However, contrary to the majority's description, there is no element of purpose or mental state attached to the sexual conduct underlying the Rape offense in this case, which is a strict liability offense. R.C.2901.21(B). In other words, there is no legal animus required for the sexual conduct underlying the Rape offense in this case at all.

{¶19} In contrast, the Felonious Assault offense requires Ward to act knowingly. As such, the animus underlying the Felonious Assault offense is again, the *determination or choice by Ward to knowingly proceed* with the sexual conduct *with full awareness* of his HIV status. Whether or not it appears to us that Ward "gave no consideration" to his HIV status during the sexual conduct, as noted by the majority, is irrelevant as it does not equate to a lack of animus or otherwise diminish his awareness of his HIV status and knowing choice to proceed with the sexual conduct anyway.

{¶20} On the contrary, a willful or reckless disregard by Ward of his known HIV status, or even a claimed failure to give it any thought at the moment of the sexual conduct, is itself a distinct animus to complete the Felonious Assault, without regard for the potential harm to the victim. Moreover, Ward's determination to engage in the sexual conduct in this situation certainly meets the requisite

"awareness of circumstances" and the "probable results" of those circumstances included in the definition of the culpable mental state of knowingly under R.C.2901.22(B).

{¶21} In sum, Ward's conduct and animus in committing the Felonious Assault offense in this case are each clearly additional, separate and distinct from anything required for the Rape offense. Although it does not affect the outcome of our decision in this particular instance, I believe the unique and separate nature of the elements of these two offenses are important and should remain clarified for future merger cases that might come before this court.

**/hls**